# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STATE OF FLORIDA**

**VS.**                                                            **CASE NO. 6:26-cr-80-JA-LHP**

**KEVIN ALEXIS CRUZ**

## ORDER

Defendant Kevin Alexis Cruz attempts to remove to this Court a case filed in the County Court of the Ninth Judicial Circuit in and for Osceola County, Florida (the Osceola County Court) arising from a criminal traffic citation. (Doc. 1).[1] Because this Court does not have jurisdiction over this matter, this action is *sua sponte* remanded to the Osceola County Court.

Defendant filed his notice of removal pursuant to 28 U.S.C. §§ 242, 1441, 1443, and 1446. But none of these statutes supports jurisdiction of this Court over this action. There is no section 242 under title 28 of the United States Code and thus it is not a basis for this Court to exercise jurisdiction.[2] Sections 1441 and 1446 apply to the removal of civil actions, not criminal cases, and thus are

---

[1] The case number in Osceola County Court is No. 2025 CT 4641.

[2] If Defendant meant to cite 18 U.S.C. § 242, it does not provide this Court with jurisdiction either. "Section 242 of Title 18 does not create a private right of action; this is a criminal provision for deprivation of civil rights under color of law." *Williams v. Halperin*, 360 F. Supp. 554, 556 (S.D.N.Y. 1973) (citations omitted).

not a basis for this Court to exercise jurisdiction.  28 U.S.C. §§ 1441(a) & 1446(a); *see New York v. Whyte-Bey*, No. 2:25-cv-2003, 2025 WL 1371817, at *1 (E.D.N.Y. May 12, 2025); *see also Coleman v. Mississippi*, No. 3:25-cv-663, 2025 WL 3899503, at *2 (S.D. Miss. Dec. 17, 2025), *report and recommendation adopted,* No. 3:25-cv-663, 2026 WL 39303 (S.D. Miss. Jan. 6, 2026).  And section 1443 is not a basis for this Court to exercise jurisdiction because Defendant "does not allege that the adjudication of his traffic ticket[] violates his civil rights or that a law 'providing for the equal civil rights of citizens' protects his right to engage in the conduct with which he was charged."  *Whyte-Bey*, 2025 WL 11371817 at *1 (quoting 28 U.S.C. § 1443(1)).

Accordingly, pursuant to 28 U.S.C. § 1455(b)(4), the Court remands this action to the Osceola County Court.  The Clerk of Court is **directed** to **send** a copy of this Order via certified mail to the Osceola County Court, **remand** this action to the Osceola County Court, and **close** this case.

**DONE** and **ORDERED** on April 17, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
County Court of the Ninth Judicial Circuit in and for Osceola County, Florida
Kevin Alexis Cruz

2